Debra E. JENNINGS, Administratrix of the Estate of Larry Dean Jennings, for the Heirs and Wrongful Death Beneficiaries of Larry Dean Jennings, Deceased, Plaintiff,

v.

BUNCH TRUCKING COMPANY, INC., Defendant.

No. DC90–50–B–O.

United States District Court,
N.D. Mississippi,
Delta Division.

Oct. 25, 1990.

Richard T. Phillips, Batesville, Miss., for plaintiff.

Gary Smith, Memphis, Tenn., for defendant.

**458**

## MEMORANDUM OPINION

BIGGERS, District Judge.

This cause comes before the court on the plaintiff's motion to remand pursuant to 28 U.S.C. § 1447. Defendant Bunch Trucking Company, Inc. [Bunch] removed this wrongful death action from the Circuit Court of the First Judicial District of Tallahatchie County, Mississippi, over two years after commencement in state court and less than sixty days before the trial date, on the grounds of diversity jurisdiction and fraudulent joinder. The notice of removal states that it was filed within thirty days after Bunch's receipt of pleadings or other documents indicating the existence of complete diversity of citizenship and exposing the fraudulent joinder of a nondiverse defendant. The plaintiff asserts that the one-year time limit under § 1446(b), as amended, bars removal and that the notice of removal was not timely filed.

■ The issues are whether the one-year time limit should be retroactively applied to an action pending prior to the effective date of the amendment and whether an exception should be recognized on the basis of fraudulent joinder. Section 1446(b), as amended, reads in pertinent part:

> a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The court duly considered the issue of retroactivity in Cause No. WC89–39–B–D, *Yeager v. Orgill Brothers & Co., Inc.*, and held that the November 19, 1988 amendment applies to an already pending action. Bunch asserts that the limitations period does not apply to the facts of the case and in any event should not be enforced on the ground that the plaintiff fraudulently joined the nondiverse defendant and postponed the final resolution of that defen-

dant's liability beyond the removal deadline.

■ This action arises out of an automobile accident resulting in the death of Larry Dean Jennings. The complaint alleges joint and several liability of McClanahan, the nondiverse defendant driver, and Bunch for its driver's negligence. Within three months after commencement of this action, the insurer of the vehicle driven by McClanahan filed a state court declaratory judgment action raising the issue of whether the negligence claim against McClanahan was barred under the exclusive remedy provision of the Mississippi Workers' Compensation Act [Act] on the ground that McClanahan was a co-employee of the decedent. Miss.Code Ann. § 71–3–9. The court ruled that the Act provides the exclusive remedy as to claims against McClanahan by the estate and wrongful death beneficiaries of Jennings, and Jennings' estate and wrongful death beneficiaries appealed. Bunch filed a notice of removal upon receipt of a copy of an order dismissing the appeal pursuant to a voluntary agreement. Almost one year before the removal, the state court in this action had entered summary judgment in favor of McClanahan on the grounds that the tort action against McClanahan was barred by the exclusive remedy provision of the Act and the decision in the declaratory judgment action under the doctrine of res judicata.

Bunch argues that the voluntary dismissal of the appeal in the declaratory judgment action finally exposed the plaintiff's true intention in joining McClanahan. It does not appear from the state record that the plaintiff delayed in prosecuting this action so as to postpone the disposition of McClanahan's liability. In any event, the court concludes that Bunch unreasonably waited for final resolution of the issue of McClanahan's liability in order to allege fraudulent joinder.

In order to prove fraudulent joinder, the removing party

> 'must show either that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that

there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.'

*Laughlin v. Prudential Ins. Co.,* 882 F.2d 187, 190 (5th Cir.1989) (quoting *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981)). Bunch asserts that the question of removability is controlled by the allegations in the complaint and that the complaint clearly does not allege any facts characterizing McClanahan's actions as intentional or outside the course and scope of employment which would establish an exception to the exclusion of McClanahan's liability as a co-employee. Although the complaint does not allege that McClanahan was a co-employee of the decedent, McClanahan's answer and amended answer allege that he was a co-employee and that the claim against him is barred by the exclusive remedy provision of the Act. Bunch should have considered the possible absence of a colorable claim against McClanahan in light of the applicable state law in effect at the time McClanahan's answer and amended answer were filed. Bunch was again put on notice by the filing of McClanahan's motion for summary judgment nine months after commencement of this action. No action on the part of the plaintiff precluded Bunch's attempt to remove on the ground of fraudulent joinder within the one-year limitations period. Therefore, the court finds that removal of this cause on the ground of fraudulent joinder, as well as complete diversity of citizenship, is barred by the one-year deadline.

The plaintiff requests an award of costs and actual expenses, including attorney's fees, pursuant to § 1447(c) for improper removal less than sixty days before the trial date for the purpose of delaying the trial in state court. Bunch asserts that the voluntary dismissal of the appeal in the declaratory judgment action upon which it relied for removal purposes was postponed over two months by the delay in the filing of the voluntary agreement of dismissal. Although this court retroactively applied the one-year deadline in *Yeager v. Orgill Brothers & Co., Inc.* over two months before this removal, the decision was not published and *Yeager* did not involve the fraudulent joinder doctrine. Upon due consideration, the court finds that such award would be inappropriate.

An order will issue accordingly.

## ORDER

In accordance with a memorandum opinion this day issued, it is ORDERED:

That the plaintiff's motion to remand is GRANTED and this cause is remanded to the Circuit Court of the First Judicial District of Tallahatchie County, Mississippi; and

That the plaintiff's request for an award of costs and actual expenses including attorney's fees is DENIED. THIS, the 25th day of October, 1990.