**Clarence O. COFER, et ux., et al., Plaintiffs,**

v.

**HORSEHEAD RESEARCH AND DEVELOPMENT CO., INC., Defendant.**

**No. CIV 3-91-0473.**

United States District Court, E.D. Tennessee, at Knoxville.

Oct. 4, 1991.

Gerald Largen, Kingston, Tenn., for plaintiffs.

Richard L. Hollow, Watson, Hollow & Reeves, Knoxville, for defendant.

## MEMORANDUM OPINION

JORDAN, District Judge.

This civil action is before the Court for consideration of the plaintiffs' motion to remand it to the Circuit Court for Roane County, Tennessee [doc. 5]. There is also pending a motion by the defendant [doc. 7] to amend its petition for and notice of removal [docs. 1 and 3]. The Court has determined that oral argument would not be of substantial assistance in deciding these motions.

This civil action began as multiple actions in the Roane County Circuit Court in October, 1989, in which the various plaintiffs sought damages for an alleged nuisance caused by the industrial operations of the lone defendant. Each original complaint filed in the Roane County Circuit Court included an *ad damnum* of $49,999.00. In May or June, 1990, the Circuit Court, finding "that all the captioned cases are stated to arise from identical allegations of liability and damages as well as similarly situated Plaintiffs and an identical Defendant," consolidated these actions for trial "in the interest of judicial economy."[1]

After this consolidation, the plaintiffs, who are all represented by one attorney, moved to amend their complaints to pray for, in each case, compensatory damages of $150,000.00, plus punitive damages in an unspecified amount.[2] It is unclear from the copies of the pleadings, orders and briefs filed in the Roane County Circuit Court and submitted by the defendant with its removal papers filed in this Court when this amendment occurred, but the defendant says that the plaintiffs' attorney served a copy of the plaintiffs' motion to amend on July 16, 1991. The defendant's removal papers were filed in this Court on August 14, 1991.

There does not appear to be any dispute that the defendant filed its removal papers within 30 days of the service of the motion to amend, *see* 28 U.S.C. § 1446(b)[3], although the plaintiffs make a legal argument that the removal was untimely because the defendant had some notice or knowledge earlier that the plaintiffs were seeking in excess of the jurisdictional amount in their respective cases. There is also no dispute that this removal came more than one year after the commencement of the actions which the Roane County Circuit Court consolidated. The first issue which the Court must therefore address is whether the statute regarding the procedure for removal, as amended, bars in these circumstances removal of a diversity action or actions more than one year old.[4] If this issue must be resolved in favor of the plaintiffs, then the other issues raised will be moot.

█ The provision relied upon by the plaintiffs comes from the Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, § 1016(b)(2)(B), 102 Stat. 4642, 4669 (1988)[5]. David D. Siegel, in his

---

1. Tenn.R.Civ.P. 42.01 provides,

    When actions involving a common question of law or fact are pending before a court, the court may order all the actions consolidated or heard jointly, and may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. When the actions are to be tried before a jury, the joint hearing or trial shall be on all of the matters in issue in the actions, except as to issues on which jury trial has been waived by all parties. When the actions are not to be tried before a jury, the joint hearing or trial may be on all or any of the matters in issue in the actions.

    It is unnecessary to address in this case whether federal removal procedure permits removal of multiple, consolidated civil actions by a single petition or notice.

2. This had the effect, as is obvious, of pushing each of these civil actions past the $50,000.00 jurisdictional amount threshold set by 28 U.S.C. § 1332(a). There is no dispute that complete diversity of citizenship exists between the defendant and each of the plaintiffs.

3. The second paragraph of 28 U.S.C. § 1446(b) reads,

    If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

4. Because the actions filed in the Roane County Circuit Court were not removable initially, on the basis of the *ad damnums* below the 28 U.S.C. § 1332 jurisdictional amount, it is unnecessary to address in this Memorandum Opinion the plaguing question whether the one-year limitation upon removal added to 28 U.S.C. § 1446(b) by Pub.L. No. 100–702, § 1016(b)(2)(B) applies only to cases covered by the second paragraph of § 1446(b), or to all removed diversity cases. *See, e.g., Zogbi v. Federated Department Store,* 767 F.Supp. 1037 (C.D.Cal.1991).

5. Because the effective date of the amendment of 28 U.S.C. § 1446(b) antedates the commencement of this litigation in the Roane County

"Commentary on 1988 Revision," following 28 U.S.C.A. § 1446 (West 1991 supp.), refers to this as a "one-year cap on removal" of diversity cases, and writes that the provision might allow a plaintiff to resist removal to a federal district court by keeping his or her case in a nondiverse posture for more than one year. Mr. Siegel gives the following example:

A plaintiff with [the] motive [to resist removal] can conceivably join as a defendant, in a case in which there is genuine diversity between the plaintiff and the other defendants, someone of nondiverse citizenship whom the plaintiff does not really intend to sue but who is arguably liable on the claim and hence properly joined under state law. The plaintiff can then just wait the year and drop that party, polishing his action to just the point he wants it and at the same time ridding himself of the threat of federal jurisdiction.

Mr. Siegel notes that this result can be avoided by application of the fraudulent joinder doctrine, but that this doctrine applies to preserve removal jurisdiction of a diversity case only when the plaintiff has no genuine claim under the applicable substantive law against the nondiverse party. The defendant argues for removal jurisdiction in the case at bar by analogy to the fraudulent joinder doctrine, but, for the reasons stated below, the Court does not find this argument persuasive.

Wright, Miller and Cooper describe the amendment to § 1446(b) "as a means of reducing the opportunity for removal after substantial progress has been made in state court." 14A C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE AND PROCEDURE, § 3732 (1991 supp.) (footnote omitted). This language is taken verbatim from the available legislative history, H.R.REP. NO. 889, 100th Cong., 2d Sess. 72, *reprinted in* 1988 U.S.CODE CONG. & ADMIN.NEWS 5982, 6032. The House Report goes on to state, "The result is a modest curtailment in access to diversity

jurisdiction," *id.*, but discusses the amendment only in terms of a change in parties which creates diversity jurisdiction of an action pending before a State court. As the legislative history makes clear elsewhere, however, *id.* at 44–45, 1988 U.S.CODE CONG. & ADMIN.NEWS at 6005, the Act contained other provisions designed to give effect to an expressed Congressional intent "to reduce the basis for Federal court jurisdiction based solely on diversity of citizenship," including an increase of the jurisdictional amount from $10,000.00 to $50,000.00.

The weight of authority is against the defendant. *Molden v. Firestone Tire & Rubber Company,* 754 F.Supp. 521, 523 (M.D.La.1990) (citations omitted) ("[T]he one year provision in 28 U.S.C. § 1446(b) is jurisdictional and must be noticed by the court sua sponte.") (*dictum*); *Royer v. Harris Well Service, Inc.,* 741 F.Supp. 1247, 1249 (M.D.La.1990) ("While the one year limitation could lend itself to abuses and inequities, it is for the Congress and not this Court to rewrite the provisions of section 1446(b)."); *Hom v. Service Merchandise Company, Inc.,* 727 F.Supp. 1343 (N.D.Cal.1990) (§ 1446(b) requires remand under the one-year-after-commencement rule even though process was served upon the defendants only 30 days before the attempted removal); *Foiles by Foiles v. Merrell National Laboratories, A Division of Richardson–Merrell, Inc.,* 730 F.Supp. 108 (N.D.Ill.1989) (the one-year limit is jurisdictional, so that the 30–day limit on a motion to remand imposed by 28 U.S.C. § 1447(c) does not apply); *Rezendes v. Dow Corning Corporation,* 717 F.Supp. 1435 (E.D.Cal.1989); and *Borders v. Unites States Gypsum Company,* 704 F.Supp. 615 (D.Md.1989).

The authority *contra* is scant: *Leidolf by Warshafsky v. Eli Lilly and Company, Inc.,* 728 F.Supp. 1383 (E.D.Wis.1990) (following *Gray v. Moore Business Forms, infra*); *Gray v. Moore Business Forms, Inc.,* 711 F.Supp. 543 (N.D.Cal.1989) (the

Circuit Court, no problem concerning retroactive application of the amendment is presented here.

amendment to § 1446(b) is procedural, so that the motion to remand must be made within 30 days as required by § 1447(c)); and *Greer v. Skilcraft,* 704 F.Supp. 1570, 1583 (N.D.Ala.1989) ("The one-year period does not begin to run until the complaint has been filed and there has been a *bona fide* effort to have it served. To hold otherwise would be to provide the plaintiff the power to prevent removal by manipulation and inaction.") (all district judges concurring). The defendant concedes in its brief [doc. 8] in response to the motion to remand, "Counsel is aware of no cases interpreting the fraudulent evasion of federal jurisdiction doctrine in the specific context of a suit where a Plaintiff pretextually pleads damages in the amount of $49,999, awaits the passage of more than one year from the date of commencement, and then amends the complaint to increase the ad damnum to $150,000 in compensatory damages and to seek punitive damages."

■ The Court is constrained to apply the plain language of § 1446(b) as amended. The argument by analogy to the fraudulent joinder doctrine is not a good one. Under that doctrine, a case in which the plaintiff has, for the purpose of defeating removal, sued a nondiverse party against whom the plaintiff cannot recover is treated as if it were a diversity case from its commencement. *See Wecker v. National Enameling & Stamping Company,* 204 U.S. 176, 27 S.Ct. 184, 51 L.Ed. 430 (1907). The law has long allowed, however, a plaintiff to pray for unliquidated damages in an amount less than the jurisdictional amount, even when it is apparent that much more might be recoverable, for the purpose of preventing removal. *Iowa Central Railway Company v. Bacon,* 236 U.S. 305, 35 S.Ct. 357, 59 L.Ed. 591 (1915). In *Brady v. Indemnity Insurance Company of North America,* 68 F.2d 302 (6th Cir.1933), the Circuit Court of Appeals for this circuit, citing *Iowa Central Railway Company v. Bacon, supra,* applied the same rule to a plaintiff's claim under an accident insurance policy, expressly distinguishing *Wecker, supra,* and the fraudulent joinder rule.

While it is true that the authorities cited by the defendant held also that a plaintiff who later amended his or her complaint to pray for damages in excess of the jurisdictional amount might then be subjected to removal, in accordance with what is now the second paragraph of 28 U.S.C. § 1446(b), the one-year cap on the removal of diversity cases, at least in instances where removability did not exist initially, acts like a statute of repose, and cuts off this possibility at the end of a year. If this has the effect of permitting a plaintiff to lie in wait with his or her amended complaint containing an increased *ad damnum,* and thereby to keep diversity litigation in a State court, the remedy, if one is warranted, must come from Congress, which superimposed this effect on existing law permitting prayers for damages purposefully less than the jurisdictional amount.

For the reasons stated, the Court will remand this action to the Roane County Circuit Court. This result renders the defendant's motion to amend its petition for removal and notice of removal moot, since the Court's decision is not based upon any defects in removal procedure sought to be cured by the defendant's motion. The Court will not award costs and the expenses of removal or sanctions against the defendant or its counsel under either 28 U.S.C. § 1447(c) or Fed.R.Civ.P. 11, which is referred to in 28 U.S.C. § 1446(a), for the reasons that the issues raised by the amendment of § 1446(b) to include the one-year cap have not yet been settled by much appellate litigation, and that the application of the cap to change the result under previous law, under which an amendment to increase an *ad damnum* might have led to permissible removal, has an arbitrary effect, at least in the light of prior practice. *See Jennings v. Bunch Trucking Company, Inc.,* 748 F.Supp. 457, 459 (N.D.Miss. 1990); *Hom, supra,* 727 F.Supp. at 1345 (citation omitted); and *Coman v. International Playtex, Inc.,* 713 F.Supp. 1324, 1329 (N.D.Cal.1989) (citations omitted).