**Alicia FOILES, a minor, by Julia FOILES, her mother and next friend, Plaintiff,**

v.

**MERRELL NATIONAL LABORATORIES, A DIVISION OF RICHARD-SON–MERRELL, INC., Merrell Dow Pharmaceuticals, Inc., Defendants.**

**No. 89 C 5027.**

United States District Court,
N.D. Illinois, E.D.

Sept. 20, 1989.

Warren E. Abrahamson, Leonard M. Ring & Associates, Chicago, Ill., for plaintiff.

Douglas P. Roller and Clifford E. Berman, Rooks, Pitts and Poust, Chicago, Ill., and Frank C. Woodside, III, Joseph E. Conley, Jr. and Frederick M. Erny, Dinsmore & Shohl, Cincinnati, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

This case requires the Court to construe recent amendments to the statutes governing diversity jurisdiction and removal of actions from state court. The parties have cited no binding authority directing the outcome. For the reasons stated below, the Court orders this matter remanded to the Circuit Court of Cook County.

The facts are these. Plaintiff, an Illinois citizen, filed her action on May 1, 1984, in the circuit court. At the time, the case could not be removed because of the failure of complete diversity of citizenship, for two of the defendants were also Illinois citizens. *See* 28 U.S.C. § 1332; 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3605 (2d ed. 1984). On May 25, 1989, plaintiff dismissed these two defendants, leaving as the sole defendant Merrell Dow Pharmaceuticals, Inc., a Delaware corporation with its principal place of business in Ohio. In light of the newly created complete diversity, the company filed a notice of removal to this Court on June 22, 1989. Plaintiff moved to remand on August 25, 1989.

Plaintiff argued that the amendments to the removal statute set out in the Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, 102 Stat. 4642 ("1988 Act"), made removal improper because the notice was filed more than one year after the lawsuit had been commenced. As amended by the 1988 Act, 28 U.S.C. § 1446(b) reads (in pertinent part with emphasis supplied):

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

Merrell Dow countered that plaintiff's motion to remand was itself untimely because it was filed more than thirty days after the notice of removal. As amended by the 1988 Act, 28 U.S.C. § 1447(c) reads:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded....

Clearly, Merrell Dow has the better of the argument *if* the one-year time limit added to § 1446(b) by the 1988 Act is mere-

ly a matter of "removal procedure." If the one-year time limit is jurisdictional, however, the Court may order this case remanded at any time before final judgment. Although plaintiff did not make the argument (for reasons that are not apparent to this Court), the Court does believe that the one-year limit is jurisdictional, and hence this case must be remanded.

The Court begins with the plain language of § 1446(b). It reads as a blanket prohibition on removal of a diversity case more than one year after commencement of the action. *Cf. Rothner v. City of Chicago*, 879 F.2d 1402, 1409 (7th Cir.1989) ("It also seems common ground that there is *no express statutory provision forbidding the removal* of this action and that the cause was timely removed in *strict compliance with 28 U.S.C. § 1446*.") (quoting *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 344 n. 8, 96 S.Ct. 584, 589 n. 8, 46 L.Ed.2d 542 (1976)) (emphasis the Seventh Circuit's). This is in contrast with the other time limits of § 1446(b), which do not read as nonwaivable restrictions. For example, § 1446(b) states that "notice of removal ... shall be filed within thirty days" of defendant's receipt of pleadings that indicate the existence of federal jurisdiction. Similarly, when *federal jurisdiction* arises sometime after the commencement of a case, § 1446(b) states that "a notice of removal may be filed within thirty days." Neither of these time limits is phrased with the sort of definite proscription found in the 1988 amendment.

This construction is further supported by the legislative history of the 1988 Act. *See* H.R.Rep. No. 889, 100th Cong., 2d Sess. (1988), *reprinted in* 1988 U.S.Code Cong. & Admin.News 5982. House Report No. 100–889 explained that the one-year limit is intended to prevent disruption of state court proceedings resulting from dismissal of a nondiverse party late in a case. *See* 1988 Cong. & Admin.News, at 6032–33. The report states: "Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a *modest curtailment in access to diversity jurisdiction.*" *Id.* at 6032 (emphasis supplied). *Cf. Rothner*, 879 F.2d at 1418 ("It appears that Congress is fully aware that substantive proceedings may take place in state court prior to removal and yet has *not* [before the 1988 Act] directed courts to remand for that reason. Rather, in keeping with its desire to make the time for removal uniform and certain, it has [through the 1988 Act] placed a specific limit on the removal period in diversity cases.") (footnote omitted).[1] That Congress would intend the one-year requirement as a substantive limit on diversity jurisdiction is hardly surprising; the 1988 Act also raised the jurisdictional amount in diversity cases to in excess of $50,000 for the express purpose of reducing the case load of the federal courts. 1988 Cong. & Admin.News, at 6005–06.

Furthermore, the Court believes that to rule otherwise would disregard the plain language of § 1446(b), which commands that "a case may not be removed ... more than 1 year after the commencement of the action." If the Court accepted Merrell Dow's view, litigants who abided the statute's prohibition against removal would have nothing to gain; it would always be best to remove and hope the other side failed to file a timely motion to remand. The effect would be to rewrite the statute to read: "A case may not be removed ... more than 1 year after the commencement of the action, unless it is removed and the adverse party fails to file a timely motion to remand pursuant to § 1447(c)." The Court does not believe that Congress intended this result. To the extent that *Gray v. Moore Business Forms, Inc.*, 711 F.Supp. 543 (N.D.Cal.1989), indicates that the one-year limit is procedural, the Court respectfully declines to follow its reasoning.

---

1. In arguing that the one-year limit is procedural, Merrell Dow cites *Rothner's* statement that "[t]he non-jurisdictional requirements for removal are contained in § 1446, the section which governs the procedure for removal." *Id.* at 1411. *Rothner*, however, was construing § 1446 as it read before the 1988 amendments. *Id.* at 1405. Though *Rothner* discusses the 1988 amendments, it does not apply them.

The Court's conclusion does not render the thirty-day limit of § 1447(c) a nullity. In the Court's view, one of the "defect[s] in removal procedure" to which the statute refers is the untimely filing of a notice of removal under the thirty-day limit established by § 1446(b). The § 1446(b) time limit has always been strictly enforced. *See Northern Illinois Gas Co. v. Airco Indus. Gases*, 676 F.2d 270 (7th Cir.1982) ("[U]ntimeliness is a ground for remand so long as the timeliness defect has not been waived."). Other procedural requirements are detailed in § 1446(a). The new thirty-day limit of § 1447(c) ensures that objections related to these sorts of matters are timely raised.

The sole discordant note is the placement of the one-year limit in a section titled "Procedure For Removal." In the Court's view, however, too much should not be made of this fact. Placement of the one-year limit in § 1446 was natural, since § 1446 is the place a litigant would look for the time limitations on removal. Moreover, Congress is not required (and can hardly be expected, given time pressures and the sheer volume of federal lawmaking) to write and amend its statutes with the kind of semantic exactitude valued by lawyers.

Accordingly, the Court orders this cause remanded to the Circuit Court of Cook County pursuant to § 1447(c).