Annie B. SMITH, Plaintiff,

v.

**MBL LIFE ASSURANCE CORPORATION, et al.,**
**Defendants.**

**Civ. A. No. 89–AR–0141–S.**

United States District Court,
N.D. Alabama, S.D.

Oct. 6, 1989.

John W. Haley, Carlton T. Wynn, Jr., Hare Wynn Newell & Newton, Birmingham, Ala., for plaintiff.

James A. Bradford, Jonathan Scott Harbuck, Balch & Bingham, Birmingham, Ala., for defendants.

## MEMORANDUM OPINION

ACKER, District Judge.

On September 22, 1989, defendants, MBL Life Assurance Corporation and Mutual

Benefit Life, filed a written response to this court's show cause order entered on September 20, 1989.[1] On September 25, 1989, defendants appeared at this court's regular motion docket as required by that order. Prompted by the court's order, plaintiff at the motion docket orally moved to remand the case to the Circuit Court of Jefferson County, Alabama.

The issue presented is, in some respects, simple and, in other respects, complex. If this court were willing simply to borrow the entire reasoning of the district court in *Gray v. Moore Business Forms, Inc.*, 711 F.Supp. 543 (N.D.Cal.1989), this court could easily hold that plaintiff's motion to remand comes too late because the defect in the removal was "procedural" only, and therefore has been waived by plaintiff's failure timely to move to remand pursuant to 28 U.S.C. § 1447(c). The *Moore Business Forms* court was dealing with the Judicial Improvements and Access to Justice Act in the context of fictitious parties defendants whose existence, prior to the effective date of the Act, had, until the Act became effective, destroyed diversity. This difference is too thin to form any real basis for distinguishing away *Moore Business Forms*. Under this court's reasoning in *Hamby v. Zayre Corp.*, 544 F.Supp. 176 (N.D.Ala.1982), the plaintiff in a state court prior to the Act could prevent removal so long as he still targeted fictitious defendants in his complaint. In slight contrast, plaintiff in the instant case initially and legitimately named an Alabama resident as a defendant. This fact becomes apparent from the allegation in the removal petition itself that plaintiff reached a settlement with the Alabama defendant over four years into the case.

In *Greer v. Skilcraft* 704 F.Supp. 1570 (N.D.Ala.1989), this court, *en banc*, expressly *declined to "decide whether the one-year limitation contained in Section 1016(b)(2)(B) is a jurisdictional bar or a procedural bar." Id.* at 1570, n. 6 (emphasis supplied). Also in *Skilcraft*, this court said:

> [T]he Analysis [of the new legislation] also expresses concern over the delay and disruption occurring if cases are removed after they have been pending for some time in state court. This concern obviously can apply to cases pending on November 19, 1988, such as *Greer v. Skilcraft,* CV 88–P–2152–S, which had been pending for almost five years in the state court and was set for trial when removed by the defendants on the basis of Section 1016. The Analysis indicates that Congress was aware—and intended—that the amendments would reduce opportunities for removal after a case had been pending for some time in state court and would result in elimination of defendants' potential access to federal court in some cases.

*Id.* at 1577.

\* \* \* \* \* \*

The one-year bar added to the end of the second paragraph of § 1446(b) is not, however, by its terms merely a limitation on removal of cases that become removable by receipt of a jurisdiction-creating document in the case. *It provides that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year*

---

**1.** ORDER TO SHOW CAUSE

The court has reviewed the record in this case and determined the following facts. Plaintiff filed this action in state court in June, 1984. The action remained in state court almost five years. Because plaintiff had reached a settlement with an assumedly non-diverse defendant, the two remaining defendants petitioned this court on January 27, 1989, for removal, with federal jurisdiction based on diverse citizenship.

In the interim, Congress had adopted the Judicial Improvements and Access to Justice Act (Act). Pertinent portions of the Act became effective on November 19, 1988. *See Greer v. Skilcraft,* 704 F.Supp. 1570 (N.D.Ala.1989). The Act contained a provision that limited removals based on diversity jurisdiction to actions that had been in state court less than a year. 28 U.S.C. § 1446(b). This action had been in state court for over four years before removal was attempted.

The court suggests that the removal may have been improvident, defeating its jurisdiction, and thereby directs the parties to show cause in writing, if they can do so, at the regular motion docket on Monday, September 25, 1989, at 1:30 P.M., why this action should not be remanded to state court because of a lack of subject matter jurisdiction.

*after the commencement of the action;"* and it applies whenever the second paragraph of § 1446(b) is triggered; i.e., "if the case stated by the initial pleading is not removable." In short, the second paragraph of amended § 1446(b) provides that for cases not removable on the basis of the initial complaint there are two separate and independent time limits: (1) the Notice of Removal must be filed within 30 days from the receipt of a jurisdiction-creating document in the case; and (2), if removal is based on diversity of citizenship, the Notice of Removal must also be filed within one year from the commencement of the action.

This construction comports with the plain language of the subsection as amended, uses the time limits that Congress considered to be reasonable, and is not inconsistent with the sparse legislative history. The Congressional Analysis did state that Section 1016(b)(2) "addresses problems that arise from a change of parties as an action progresses toward trial in a state court." This Analysis does not, however, indicate that application of the one-year rule was intended to apply solely in such situations, any more than it indicates that removal based on Section 1016(a) should be postponed until receipt of a document changing the parties in the case.

*Id.* at 1582 (emphasis supplied).

\* \* \* \* \* \*

The one-year bar was intended to reduce, not encourage, delays in case adjudication. *As noted in footnote 6 supra, Congress intended this bar to be strictly enforced, even sua sponte if necessary.*

*Id.* at 1583 (emphasis supplied).

\* \* \* \* \* \*

We realize that some may view our holding as harsh, creating an unfair situation for defendants who were bound by or entitled to rely upon *Hamby v. Zayre Corp.,* 544 F.Supp. 176 (N.D.Ala.1982). However, *Congress, which had the power to preclude removal of all cases, certainly could have precluded removal of cases commenced more than one year*

*prior to November 19, 1988. The clear language of the statute compels that result. Courts are not free to disregard that mandate merely because the drafters of the legislation failed to consider all of the consequences of such a directive.*

*Id.* at 1583 (emphasis supplied).

This is the first time a member of this court has been called upon to apply *Skilcraft* to a fact situation like that here presented. While *Skilcraft* was to some degree a joint effort by all members of the court, its members do not and should not seek unanimity in every case. This means that this opinion only represents the thinking of one judge of this court. Nevertheless, this court is undoubtedly bound by *Skilcraft* and is just as undoubtedly not bound by *Moore Business Forms.* This court is also influenced by the purpose of the Judicial Improvements and Access to Justice Act and by the general rule which strictly construes removal statutes against removal. *See Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062 (9th Cir.1979). This is even more true in diversity cases where comity requires the federal courts to allow state courts to proceed with their cases unless those cases are clearly and unequivocally removable. *See In re La Providencia Development Corporation,* 406 F.2d 251 (1st Cir.1969). Conceding *arguendo* that there is ambiguity in the Act created by the existence of 28 U.S.C. § 1447(c), and using the available tools of construction, this opinion cannot turn simply upon the fact that plaintiff's motion to remand is untimely. This court is unconvinced that plaintiff's motion is presented only "on the basis of [a] defect in removal *procedure."* (emphasis supplied). Instead, this court recognizes the right of Congress, a right it here employed, to limit the jurisdiction of federal courts by distinguishing those diversity cases which have been pending in a state court longer than a year from those cases which have not. There is no question about the fact that this court could, *sua sponte,* have remanded the case during the thirty (30) days after its removal. If plaintiff is guilty of excusa-

ble neglect, so is the court. This being true, there is no logical reason why the case cannot be remanded *sua sponte* at any time after thirty (30) days, with or without a motion having been filed by the plaintiff.

Resolving any ambiguity against an intent to confer jurisdiction, this court finds that the case was improvidently removed and that this court lacks jurisdiction under the Judicial Improvements and Access to Justice Act.

An appropriate, separate order of remand will be entered.

DONE.