**WINNERS CORPORATION**

v.

**The LAFAYETTE LIFE INSURANCE COMPANY, et al.**

**No. 3-89-0106.**

United States District Court, M.D. Tennessee, Nashville Division.

Dec. 15, 1989.

Alfred H. Knight, Alan D. Johnson, Willis & Knight, Nashville, Tenn., for Winners Corp.

C. Bennett Harrison, Jr., Blakeley D. Matthews, Cornelius & Collins, Nashville, Tenn., for Lafayette Life Ins. Co.

Ward DeWitt, Jr., Trabue, Sturdivant & Dewitt, Nashville, Tenn., for Polk & Sullivan, Inc.

Clark Spoden, Robert Warner, Dearborn & Ewing, Nashville, Tenn., for Jack C. Massey.

## MEMORANDUM

JOHN T. NIXON, District Judge.

The Court is in receipt of the Magistrate's Report and Recommendation for the above-styled action, entered on October 25, 1989. Defendant Lafayette Life Insurance Company has objected to the Magistrate's recommendation that the case be remanded to state court. In accordance with Rule 72(b) of the Federal Rules of Civil Procedure, the Court must make a de novo determination of all matters to which the parties object. In its discretion, the Court may adopt, modify or reject any of the Magistrate's proposed findings and recommendations.

Plaintiff Winners Corporation [Winners] originally filed this action in the Davidson

County Chancery Court against defendants Lafayette Life Insurance Company [Lafayette], Polk and Sullivan, Inc. [Polk & Sullivan], and Jack C. Massey [Massey]. The complaint was first received by defendants Massey and Polk & Sullivan on December 30, 1988. Lafayette received the complaint on January 5, 1989 and then filed a notice of removal and brought the action to this Court on February 3, 1989 pursuant to 28 U.S.C. § 1446. Defendant Polk & Sullivan joined Lafayette's petition for removal on April 28, 1989. Defendant Massey filed a notice of consent to removal on June 21, 1989. On March 31, 1989, plaintiff Winners filed a motion to remand this case to state court pursuant to 28 U.S.C. § 1447(c).

The defendants opposed plaintiff's motion to remand on three grounds: 1) plaintiff's affirmative action in federal court waived its right to remand; 2) plaintiff's motion to remand was not timely filed; and 3) all defendants consented to removal in a timely fashion. The Magistrate rejected all three of defendants' arguments and accordingly recommended that the case be remanded to state court.

In its objection to the Report and Recommendation, defendant Lafayette maintains that the Magistrate misconstrued the law applicable to the timeliness of plaintiff's motion to remand. For the following reasons, the Court agrees with defendants that the Magistrate erred and that the plaintiff's motion to remand must be denied as untimely.

▪ Title 28, United States Code, Section 1446(a) requires that defendants seeking to remove an action from state court must petition the district court for removal within thirty days after defendants first receive a copy of plaintiff's initial claim for relief. 28 U.S.C. § 1446(b) (1989 Supp.). In cases involving multiple defendants, all defendants must join in the removal petition within thirty days from the date that the complaint is served upon the first defendant. *Chicago R.I. & P.R. Co. v. Martin*, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1263 (5th Cir.1988).

Plaintiff served its complaint upon defendants Polk & Sullivan and Massey on December 30, 1988. To remove in compliance with 28 U.S.C. § 1446(b), defendants Massey, Polk & Sullivan, and Lafayette were required to enter or join a petition for removal by January 30, 1989 (thirty days from December 30, 1988 excluding Sunday, January 29, pursuant to F.R.C.P. 6(b)). Defendant Lafayette did not file its removal petition until February 3, 1989 and defendants Polk & Sullivan and Massey did not join the petition for removal until April 28, 1989 and June 21, 1989, respectively. The removal petition was thus untimely upon Lafayette's filing on February 3, 1989, regardless of when it was joined by Massey and Polk & Sullivan.

▪ The tardiness of defendants' petition for removal, however, does not bar this Court's jurisdiction. "[T]he time limitation for removal is not jurisdictional; it is merely remedial and formal and may be waived." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983). "[T]he thirty-day limitations period in section 1446(b) does not affect the jurisdiction of the district court, and a plaintiff who delays in seeking a remand ... may be precluded from objecting to a defendant's untimely consent to a defective removal petition." *Getty Oil*, 841 F.2d at 1263.

Title 28, United States Code, Section 1447(c) provides in part that "a motion to remand the case on the basis of any defect in removal procedure must be made within thirty days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c) (1989 Supp.). Defendant Lafayette filed its notice of removal on February 3, 1989, and the deadline for plaintiff's motion to remand was thus March 6, 1989. Plaintiff did not file its motion to remand until March 31, 1989, fifty-six days after Lafayette's notice of removal.

▪ The thirty-day remand limit within section 1447(c) was inserted upon the section's most recent amendment, effective November 19, 1988. Prior to that amendment, section 1447(c) set no time limit for remand and "the courts generally superim-

posed a sui generis 'reasonable time' requirement." Siegal, *Commentary on 1988 Revision*, 28 U.S.C.A. § 1447 (1989 Supp.). The Court finds that the deliberate imposition of a specific statutory time limit and the section's use of the mandatory phrase "must be made within 30 days" precludes the Court from considering the plaintiff's untimely motion to remand. Accordingly, the motion to remand must be DENIED.

■ The Magistrate's erroneous conclusion that the motion to remand had been timely filed resulted from his belief that the removal's only defect was that it was not timely joined by all defendants and that sections 1446(b) and 1447(c) were thus inconsistent because such a defect would not manifest itself until after the thirty day remand deadline had run. The Magistrate apparently confused the starting points of the thirty-day deadlines prescribed by section 1446(b) and section 1447(c). The thirty-day removal deadline within section 1446(b) begins when the first defendant is served with a complaint. In contrast, Section 1447(c)'s thirty-day deadline for filing for remand on the basis of a defect in removal procedure begins the day on which the notice of removal is filed, or, if there is no removal defect on the day that the notice is filed, the deadline is counted from the day that the defect occurs.

■ In the present case, Lafayette's notice of removal was defective on the day of its filing since it was not filed within thirty days from the day the complaint was first received. Accordingly, the deadline for seeking remand expired thirty days after the notice of removal was filed. Had Lafayette's notice of removal been timely filed and defective only because it was not joined by the other defendants within thirty days from the receipt of the complaint, the remand deadline would be counted from the thirty-first day after receipt of the complaint since that was the first day that the removal would have been irremediably defective.

The Court finds that plaintiff's failure to move for remand within the thirty-day limit prescribed by 28 U.S.C. § 1447(c) bars plaintiff from objecting to defendants' fail-ure to file for or join in removal within the thirty-day limit prescribed by 28 U.S.C. § 1446(b). Accordingly, the Court must REJECT the Magistrate's recommendation, DENY plaintiff's motion to remand, and refer this action back to the Magistrate to resolve all remaining pretrial motions.

An Order will be entered contemporaneously with this Memorandum.