Robert S. Peters, Winchester, Tenn., Lawrence B. Clark, James F. Walsh, Birmingham, Ala., for plaintiffs.

Henry H. Hancock, G. Ray Bratton, Rebecca P. Tuttle, Farris, Hancock, Gilman, Branan & Hellen, Memphis, Tenn., for defendant.

**Craig McKown BROCK, a minor, by next friend, Edward W. BROCK and Sherry Ray Brock, and Edward W. Brock and Sherry Ray Brock, Individually, Plaintiffs,**

v.

**SYNTEX LABORATORIES, INC., Defendant.**

**No. Civ. 4–91–101.**

United States District Court, E.D. Tennessee, Winchester Division.

May 19, 1992.

## MEMORANDUM OPINION

JARVIS, Chief Judge.

The determinative issue is whether or not the one-year bar on removal of diversity cases found at 28 U.S.C. § 1446(b) is jurisdictional. Because I conclude that it is, plaintiffs' motion to remand, though untimely under 28 U.S.C. § 1447(c), must be granted.

### I.

### *Factual and Procedural Background*

The defendant contends that the plaintiffs have obviously manipulated their pleadings to defeat this court's diversity jurisdiction. Plaintiffs' original products liability action was filed on November 29, 1979 in this court against Syntex Laboratories, Inc. on the basis of diversity jurisdiction, requesting $1 million in damages. That action was voluntarily dismissed pursuant to Rule 41, Federal Rules of Civil Procedure, on September 17, 1980. On September 11, 1981, plaintiffs filed a virtually identical complaint against Syntex Laboratories in the Circuit Court of Franklin

County, Tennessee, which reduced their *ad damnum* to the then pending jurisdictional limit for amount in controversy in diversity cases, $10,000.00.

On November 19, 1988, an amendment to the Judicial Improvements and Access to Justice Act, PL100–702, 102 Stat. 4669 (1988), became effective. Among other things, that amendment provided that a case could not be removed from state court on the basis of diversity "more than one year after commencement of the action." 28 U.S.C. § 1446(b).

In this case, although some discovery had been conducted, the state court action lay dormant until plaintiffs' motion to amend their complaint on September 18, 1991. The state court granted the motion to amend on November 21, 1991, and at that time Syntex Corporation was added as an additional defendant and the *ad damnum* was increased from $10,000.00 to over $5 million.

On December 10, 1991, defendants removed the action to this court on the basis of diversity of citizenship, and on January 28, 1992, this court granted Syntex Corporation's motion to dismiss for lack of *in personam* jurisdiction. On March 5, 1992, almost three months after defendant's notice of removal, plaintiffs filed the pending motion to remand, contending that contrary to the provisions of the amendments in § 1446(b), the action was not removed within one year of its commencement in state court. Plaintiffs contend that although the motion to remand was not timely within the 30–day period required by 28 U.S.C. § 1447(c), the one-year limitation found in § 1446(b) is jurisdictional and, therefore, may be raised at any time. Defendant contends that the one-year limitation is merely procedural and that plaintiffs have waived any objection to the removal by failing to move to remand the case within the 30–day period required by 28 U.S.C. § 1447(c).

## II.

### Analysis

28 U.S.C. § 1446(b) provides in relevant part:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by § 1332 of this title more than one year after commencement of the action.

Since this case is a diversity case and it was not removable until the Circuit Court granted plaintiffs' motion to amend on November 21, 1991, it clearly falls within the parameters of this section.

28 U.S.C. § 1447(c) provides in relevant part:

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under § 1446(b). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Thus, the issue here is whether or not the one-year limitation found in § 1446(b) is jurisdictional. If it is, then the issue may be raised at any time and the case must be remanded. If it is not, then plaintiffs have clearly waived any procedural objection to it.

The case law addressing the issue of whether the one-year limitation is jurisdictional has produced a split of authority. *Compare Smith v. MBL Life Assurance Corp.*, 727 F.Supp. 601 (N.D.Ala.1989) (one-year period jurisdictional) *with Gray v. Moore Business Forms*, 711 F.Supp. 543 (N.D.Cal.1989) (one-year period procedural).

For several reasons, I am in agreement with those cases holding that the one-year period is jurisdictional. The plain language of the amendment provides that a case "may not be removed ... more than one year after commencement". I read this as a blanket prohibition on removal of diversi-

ty cases more than one year after commencement.

The legislative history of the 1988 Act further supports the conclusion that the one-year limitation is mandatory as opposed to permissive. *See* H.R.Rep. No. 889, 100th Cong., 2d Sess. (1988), *reprinted in* 1988 U.S.Code Cong. & Admin.News, 5982. The House Report explained that the one-year limit is intended to prevent disruption of state court proceedings resulting from dismissal of a non-diverse party late in a case. The report states:

> Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction.

*Id.,* at 6032. Construing the one-year limitation as a substantive limit on diversity jurisdiction is consistent with another portion of the 1988 Act which raises the jurisdictional amount in diversity cases to in excess of $50,000.00 for the express purpose of reducing the case load of the federal courts. 1988 Cong. & Admin.News, at 6005–06. To accept defendant's position that the one-year limitation is merely procedural would, in effect, destroy the mandatory language of the statute. It would encourage defendants to remove cases in which their jurisdictional basis had changed, but more than one year had passed, and hope that the plaintiff had failed to timely move to remand. I am of the opinion that Congress did not intend that result, but rather Congress intended that no diversity cases over a year old could be removed.

I am aware that construing the one-year limitation strictly can in some cases lead to abuse and produce harsh results. For instance, as happened in this case, defendant contends that plaintiffs could initially seek damages under the jurisdictional amount and, after one year had passed, amend their complaint to an amount over the jurisdictional amount and thereby completely avoid federal diversity jurisdiction. However, there are devices which are available to a defendant who wishes to exercise his right to utilize the court's diversity jurisdiction if he suspects that the plaintiff's *ad damnum* is being misused. For example, he might use a request to admit to obtain an admission that the amount in controversy is not greater than $50,000.00. Certainly within one year, in most cases, it should be apparent that more than $50,000.00 is in controversy and defendant can make the case removable to federal court if necessary. Although I am aware that few defendants would want to hurry a case to trial, in the instant case this action languished in state court for almost ten years, and defendant was certainly aware that more than $10,000.00, or even $50,000.00, might ultimately be in controversy. If defendant truly wanted a federal forum, it could have taken steps to procure one.

In any event, this court's diversity jurisdiction is defined by Congress, and this court is not free to question the fairness of the limits Congress chooses to place on that jurisdiction.

### III.

#### *Conclusion*

In light of the foregoing, I am of the opinion that this court lacks subject matter jurisdiction, and this action must be remanded to state court. *See* 28 U.S.C. § 1447(c).