**Leroy M. RASHID and Richard C. Rashid, West Virginia Residents, Plaintiffs,**

v.

**SCHENCK CONSTRUCTION COMPANY, INC., and Schenck & Associates, Inc., Kentucky Corporations, Defendants,**

**and**

**United States Fidelity & Guaranty Company, Intervenor Suggestee.**

Civ. A. No. 2:93–0354.

United States District Court, S.D. West Virginia, at Charleston.

Dec. 10, 1993.

William S. Druckman, Kent J. George, Charleston, WV, for plaintiffs.

James R. Watson, Steptoe & Johnson, Charleston, WV, Barbara G. Werther, Timothy F. Brown, Watt, Tieder, Killian & Hoffar, McLean, VA, for intervenor suggestee.

### MEMORANDUM ORDER

COPENHAVER, District Judge.

This matter is before the court on the motion of the plaintiffs, Leroy M. Rashid and Richard C. Rashid, to dismiss this action or, in the alternative, to remand it to the Supreme Court of Appeals of West Virginia. In addition, plaintiffs seek their costs, including reasonable attorney fees, in bringing this motion.[1]

### I. *Background*

This action originated in the Circuit Court of Kanawha County, West Virginia, on June 24, 1991, when the Rashids filed suit to reduce to judgment an arbitration award rendered in their favor and against Schenck Construction Company and Schenck & Associates (hereinafter, collectively, Schenck). Schenck did not appear and default judgment was entered in favor of the Rashids on August 8, 1991. Thereafter in this same action, the Rashids on August 22, 1991, caused a writ of execution on the judgment to be issued and, by reason of the lien thereby created, caused a suggestion and summons thereon to be directed to and served upon USF & G pursuant to West Virginia Code, Chapter 38, title 5, section 10. By way of suggestion, the Rashids sought to collect their judgment against Schenck from USF & G on the theory that USF & G was liable to Schenck, the judgment debtor, on the basis of a surety bond issued to the Rashids. The bond guaranteed work to be performed by Schenck and contained a provision for joint and several liability.

On USF & G's motion, an order dismissing the suggestion was entered by the circuit court on June 24, 1992. The Rashids appealed to the Supreme Court of Appeals of West Virginia, which by order entered on April 23, 1993, reversed the lower court and remanded the case to the Circuit Court of Kanawha County with "directions to reinstate the suggestion action." *Rashid v. Schenck Constr. Co. & USF & G, Intervenor,* 438 S.E.2d 543 (W.Va.1993). In ordering reinstatement, the court concluded that a suggestion under section 38–5–10 is a proper means of collecting on a performance bond obligation when the surety is liable or indebted to the judgment debtor, as when they share joint liability on the bond. *Id.* at 548. The court reasoned that inasmuch as Schenck owes a debt to the Rashids and "[t]he third party, USF & G, is liable to the judgment debtor, Schenck, through the joint and several liability they share upon the performance bond," the Rashids could collect their judgment against Schenck from USF & G by means of suggestion in accordance with the statute. *Id.* at 548. Thus, it was error to dismiss the suggestion.[2]

On May 4, 1993, USF & G filed its notice of removal with this court, asserting diversity jurisdiction and federal question jurisdiction which, according to USF & G, first became ascertainable from the West Virginia Supreme Court's opinion of April 23, 1993. That same day, a copy of the notice of removal was filed in Kanawha County Circuit Court. No copy of the removal notice was filed with the West Virginia Supreme Court, which retained jurisdiction over the action pending expiration of the thirty-day period allowed for petitions for rehearing. On May 24, 1993, the Rashids petitioned the West Virginia Supreme Court for rehearing for the purpose of clarification of its April 23, 1993, order and provided the court with a copy of the notice of removal. The petition for rehearing remains pending in the West Virginia Supreme Court.

---

1. Also pending is the motion of USF & G for leave to file a sur-reply memorandum of law. The matters raised therein having been considered by the court, USF & G's motion to file a sur-reply is granted.

2. The court found it unnecessary to address USF & G's assertion that it had surety defenses not presented in the arbitration proceedings, noting that the opportunity to present those defenses was being afforded USF & G in a separate but related action before this court.

On June 7, 1993, thirty-four days after the notice of removal was filed by USF & G, this motion to dismiss or remand was filed. The next day, USF & G filed its notice of removal with the West Virginia Supreme Court.

Insofar as the plaintiffs seek dismissal, rather than remand, the motion is predicated on USF & G's failure to file its notice of removal with the Clerk of the West Virginia Supreme Court until after the motion to remand was filed. Plaintiffs thus maintain that removal was not properly "effected," or was not timely "effected," and dismissal is appropriate. With respect to remand, the Rashids assert that no federal question is presented and that removal on the basis of diversity jurisdiction is untimely. They also maintain that removal is not proper because Schenck did not join in the petition for removal.

In response, USF & G reasserts its right to removal on the ground of federal question jurisdiction. USF & G further contends that the Rashids' objections as to the propriety of removal on the ground of diversity jurisdiction are all procedural defects which were waived by their delay in filing the motion to remand beyond the thirty days allowed by statute. Plaintiffs counter USF & G's assertion that the motion to remand is not timely by claiming that they are entitled to the benefit of Rules 6(a) and 6(e) of the Federal Rules of Civil Procedure.

## II. *Discussion*

■ Resolution of the pending motion depends in the first instance on the timeliness of the motion to remand and the nature of the defects alleged by the plaintiffs. A motion to remand "on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)." [3]   28 U.S.C. § 1447(c). On the other hand the court may remand for lack of subject matter jurisdiction "any time before final judgment." *Id.* Here, plaintiffs concede that their motion to remand was not filed until thirty-four days after USF & G filed the notice of removal.

They maintain, however, that in addition to the thirty days allowed by section 1447(c), they are entitled to three additional days under Rule 6(e) for service by mail and another day under Rule 6(a) because the thirty-third day was a Sunday.

Rule 6(e) provides:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

Fed.R.Civ.P. 6(e). Most courts interpreting Rule 6(e) hold that it is applicable only when the time period starts to run from the time of service and service is made by mail. *E.g., Mosel v. Hills Dept. Store, Inc.,* 789 F.2d 251, 253 (3rd Cir.1986); *Fuller v. United States,* 786 F.2d 1437, 1438 n. 1 (9th Cir. 1986); *Combustion Eng'g, Inc. v. Miller Hydro Group,* 739 F.Supp. 666, 668 (D.Me. 1990); *National Sav. Bank of Albany v. Jefferson Bank,* 127 F.R.D. 218, 222 (S.D.Fla. 1989); *see also Clements v. Florida E. Coast Ry. Co.,* 473 F.2d 668, 670 (5th Cir.1973). *See generally* 2 *Jeremy C. Moore & Brett A. Ringle, Moore's Federal Practice* ¶ 6.12 (2d ed. 1993); 4A *Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure* § 1171 (2d ed. 1987). *But see Chott v. Cal Gas Corp.,* 746 F.Supp. 1377, 1377 (E.D.Mo. 1990).

Inasmuch as the time for filing a motion to remand under section 1447(c) is thirty days from the time the notice of removal is filed, not from the time it is served, the court concludes in accordance with the weight of the above-cited authority that plaintiffs are not entitled to the additional three days afforded under Rule 6(e). Thirty days from May 4, 1993, the day the removal notice was filed, is June 3, 1993, which was neither a holiday nor a weekend day. Thus, Rule 6(a) is inapplicable as well. Accordingly, to the extent that plaintiffs' motion to remand,

---

**3.** Section 1446(a) requires that removing defendants file a notice of removal in federal court containing a statement of the grounds for removal, "together with a copy of all process, pleadings, and orders served upon such defendant."

It does not address the filing of the notice with the state court, which is governed by § 1446(d). Accordingly, the plaintiffs' time for filing the motion began to run on May 4, 1993, the day the notice of removal was filed in this court.

which was filed on June 7, 1993, is based on defects in the removal procedure, the defects are deemed waived and remand must be denied. *E.g. Leidolf by Warshafsky v. Eli Lilly & Co.*, 728 F.Supp. 1383, 1388 (E.D.Wis.1990); *Gray v. Moore Business Forms, Inc.*, 711 F.Supp. 543, 546 (N.D.Cal. 1989).

■ Section 1446 of the removal statute governs the procedure for removal, providing in pertinent parts:

(a) A defendant or defendants desiring to remove any civil action ... shall ... file a notice of removal....[4]

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

. . . .

(d) Promptly after the filing of such notice of removal of a civil action the defendant or defendants ... shall file a copy of the notice with the clerk of such State court, which shall effect the removal

. . . .

28 U.S.C. § 1446(a), (b), (d) (emphasis added).

■ Turning to the specific defects alleged by plaintiffs, it is seen that courts considering the question consistently find that the failure of all defendants to join in or consent to removal is a procedural defect which is waived unless it is raised prior to the expiration of the thirty-day limit imposed by section 1447(c). *E.g., In re Ocean Marine Mut. Protection & Indem. Ass'n, Ltd.*, 3 F.3d 353, 356 (11th Cir.1993); *Callaway v. G.S.P., Inc.*, 793 F.Supp. 133, 134 (S.D.Tex.1992); *Metro Furniture Rental, Inc. v. Alessi*, 770 F.Supp. 198, 200 (S.D.N.Y.1991); *see Production Stamping Corp. v. Maryland Casualty Co.*, 829 F.Supp. 1074, 1976 (E.D.Wis.1993); *Winners Corp. v. Lafayette Life Ins. Co.*, 734 F.Supp. 812 (M.D.Tenn.1989). Accordingly, to the extent that plaintiffs' motion seeks remand on the ground of Schenck's failure to join in or consent to removal, it is based on a defect in removal procedure. The right to object to the defect was waived when it was not timely raised and remand on that basis is barred.[5]

■ Although the parties have not cited any authority addressing the alleged defect relating to USF & G's failure to file its notice of removal with the Supreme Court of West Virginia until June 8, 1993, thirty-four days after it was filed here, the court concludes that remand on that basis is similarly prohibited. The time that elapsed between filing

---

**4.** Case law uniformly construes section 1446(a) as requiring all defendants to join in or consent to removal. *E.g., Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A. Local 349*, 427 F.2d 325, 326–27 (5th Cir.1970); *Luckett v. Harris Hospital-Fort Worth*, 764 F.Supp. 436, 442 (N.D.Tex.1991); *Jasper v. Wal-Mart Stores, Inc.*, 732 F.Supp. 104, 105 (M.D.Fla.1990); *Clyde v. National Data Corp.*, 609 F.Supp. 216, 218 (N.D.Ga.1985); *Mason v. International Business Machines, Inc.*, 543 F.Supp. 444, 445–46 (M.D.N.C.1982); *Colin K. v. Schmidt*, 528 F.Supp. 355, 358 (D.R.I.1981). A well established exception exists for nominal or formal parties. *See generally*, 1A *James W. Moore*

& *Brett A. Ringle, Moore's Federal Practice* ¶ 0.168[3.—2—2 (2d ed. 1993).

**5.** Inasmuch as the court concludes that plaintiffs waived their right to remand on the basis of Schenck's failure to join in or consent to removal, it is not necessary to address whether Schenck was required to do so. It is noted, however, that further analysis would likely show that Schenck is merely a nominal or formal party in this suggestion action and accordingly not required to join in or consent to USF & G's removal. *See supra* note 4.

the notice here and with the West Virginia Supreme Court is not so great as to be outside the parameters required by section 1446(d), particularly in light of USF & G's same day filing of the notice with the circuit court. Moreover, the defect, if any, must be deemed procedural and consequently waived by plaintiffs' untimely motion. Thus, neither dismissal nor remand on that basis is appropriate.

■ The issue of the timeliness of USF & G's removal is not so clearly a defect in removal procedure which must be raised within thirty days or deemed waived. Courts are split on whether a removal outside the one-year time limitation set forth in the second sentence of section 1446(b) is a procedural defect which is waived if not raised in a timely motion for remand, or a jurisdictional limitation which may be raised at any time before final judgment. The Fifth Circuit Court of Appeals has broadly construed the language "any defect in removal procedure" to mean any defect that does not involve federal court subject matter jurisdiction; that is, "any defect that does not go to the question of whether the case originally could have been brought in federal district court." *Baris v. Sulpicio Lines, Inc.,* 932 F.2d 1540, 1544 (5th Cir.) *cert denied,* —— U.S. ——, 112 S.Ct. 430, 116 L.Ed.2d 449 (1991). Under that approach, an objection based on the one-year cap imposed by section 1446(b) is a procedural defect which is waived by the failure to raise it within thirty days. *Barnes v. Westinghouse Elec. Corp.,* 962 F.2d 513, 516 (5th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 600, 121 L.Ed.2d 536 (1992); *accord Maniar v. F.D.I.C.,* 979 F.2d 782, 785 (9th Cir.1992) (agreeing with the Fifth Circuit "that untimely removal is a procedural rather than a jurisdictional defect" and must be raised within thirty days); *see Wilson v. General Motors Corp.,* 888 F.2d 779, 781 n. 1 (11th Cir.1989) (stating in dicta that statutory time limits for removal are procedural and may be waived by failure to timely file a motion for remand).

Other circuit courts of appeal reject the Fifth Circuit's broad application of the thirty-day limit to any defect that does not involve subject matter jurisdiction. For example, the Third Circuit Court of Appeals takes the position that the clear and unambiguous meaning of section 1447(d)'s thirty-day limitation on motions to remand "on the basis of any defect in removal procedure" makes it applicable *"only* to motions for remand *on the basis of any defect in removal procedure." Foster v. Chesapeake Ins. Co., Ltd.,* 933 F.2d 1207, 1213 (3d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 302, 116 L.Ed.2d 245 (1991) (emphasis in original). Accordingly, motions to remand based on grounds other than defective removal procedure are not governed by the thirty-day limit. *Id.* at 1215 (applying ruling to motion to remand based on forum selection clause). The Eighth Circuit Court of Appeals adopted the approach of the Third Circuit Court in holding that a motion to remand based on abstention, not being based on a procedural defect, was not subject to the thirty-day rule. *Melahn v. Pennock Ins., Inc.,* 965 F.2d 1497, 1502–03 (8th Cir.1992) (citing *Foster,* 933 F.2d at 1213). In seeming concurrence with the Third Circuit, the Fourth Circuit Court of Appeals, in the only published decision touching the point, has stated in dicta that "[t]he thirty-day limitation applies only to objections to defects in removal procedure." *State v. Ivory,* 906 F.2d 999, 1000 n. 1 (4th Cir.1990) (finding the thirty-day limitation inapplicable to a motion to remand based on defendant's failure to allege a federal defense as required by the federal officer removal statute).

■ Although both the Third Circuit and the Eighth Circuit agree that the thirty-day limit for motions to remand applies only when remand is based on a defect in removal procedure, they have not addressed whether either the thirty day or one year time limitations governing removal are procedural or jurisdictional in nature. However, several district courts considering the issue have concluded that the one-year cap on removal of cases on the basis of diversity jurisdiction is a jurisdictional limitation which escapes the thirty-day rule governing motions to remand based on procedural defects.[6] *Brock*

---

6. The only reported cases addressing whether the

one-year limitation in the second sentence of

by *Brock v. Syntex Lab., Inc.*, 791 F.Supp. 721, 722–23 (E.D.Tenn.1992), *aff'd* 7 F.3d 232 (6th Cir.1993); *Perez v. General Packer, Inc.*, 790 F.Supp. 1464, 1470 (C.D.Cal.1992); *Foiles by Foiles v. Merrell Nat'l Lab.*, 730 F.Supp. 108, 110 (N.D.Ill.1989); *Smith v. MBL Life Assur. Corp.*, 727 F.Supp. 601, 604 (N.D.Ala.1989); *see Santiago v. Barre Nat'l, Inc.*, 795 F.Supp. 508, 510–11 (D.Mass.1992) (prohibitory language of the one-year cap operates as an absolute bar); *Hom v. Service Merchandise Co.*, 727 F.Supp. 1343, 1345 (N.D.Cal.1990) (one-year rule acts as an absolute bar); *Strickland v. A.P. Propane, Inc.*, 721 F.Supp. 284, 286 (M.D.Fla.1989) (remanding case pending in state court more than one year before removal for lack of subject matter jurisdiction); *see also Cofer v. Horsehead Research & Dev. Co.*, 805 F.Supp. 541, 544 (E.D.Tenn.1991) (one-year cap acts as a statute of repose to divest the court of jurisdiction after that time); *Molden v. Firestone Tire & Rubber Co.*, 754 F.Supp. 521, 523 (M.D.La.1990) (stating in dicta that although the thirty-day removal provision of section 1446(b) is procedural and can be waived, the one-year limitation on removal of diversity cases is jurisdictional). *Contra Leidolf by Warshafsky v. Eli Lilly & Co.*, 728 F.Supp. 1383, 1388 (E.D.Wis.1990) (one-year cap on removal of diversity cases is a procedural defect waived by untimely motion to remand); *Gray v. Moore Business Forms, Inc.*, 711 F.Supp. 543, 545–46 (N.D.Cal.1989) (same); *but cf. Winners Corp. v. Lafayette Life Ins. Co.*, 734 F.Supp. 812, 814–15 (M.D.Tenn.1989) (thirty-day limitation period for removal is a procedural defect waived by untimely motion to remand).

Courts concluding that the one-year time limit on removal of diversity cases is a jurisdictional limitation not subject to the thirty day requirement for motions to remand based on defects in removal procedure reach that decision on the basis of the statute's language and the legislative history surrounding the 1988 amendment which added that provision. They note that the one-year time limitation, unlike the thirty-day requirement, reads as a blanket restriction. *Foiles by Foiles*, 730 F.Supp. at 110; *see also Brock by Brock*, 791 F.Supp. at 722. Additional consideration is given to statements contained in the legislative history which indicate that the amendment was made to "establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court" and in recognition that "[t]he result is a modest curtailment in access to diversity jurisdiction." *Brock by Brock*, 791 F.Supp. at 723 (quoting H.R.Rep. No. 889, 100th Cong.2d Sess. (1988), *reprinted in* 1988 Cong. & Admin.News, 5982, 6032); *Foiles by Foiles*, 730 F.Supp. at 110 (same); *Propane*, 721 F.Supp. at 286 (same); *see Smith*, 727 F.Supp. at 602.

The restriction on removing diversity cases pending more than one year in state court is also viewed as consistent with other curtailments in diversity jurisdiction enacted at the same time for the purpose of reducing the case load of the federal courts, for example, the increase in the amount in controversy requirement from $10,000 to $50,000, *Cofer*, 805 F.Supp. at 543; *Brock by Brock*, 791 F.Supp. at 723; *Foiles by Foiles*, 730 F.Supp. at 100, *see Perez*, 790 F.Supp. at 1468, and with the principle that removal statutes are to be strictly construed against removal, *Perez*, 790 F.Supp. at 1470; *Smith*, 727 F.Supp. at 603.

It is further observed that treating the one-year cap as merely a procedural defect would encourage defendants to risk improper

---

§ 1446(b) applies to the first sentence as well have reached different conclusions. *Compare Greer v. Skilcraft*, 704 F.Supp. 1570, 1582 (N.D.Ala.1989) (en banc) (stating that the one-year rule applies to cases not removable on the basis of the initial complaint) *and Zogbi v. Federated Dept. Store*, 767 F.Supp. 1037, 1038–41 (C.D.Cal.1991) (citing *Greer* in support of its holding that one-year rule "only applies" to cases removed based on something other than the initial pleading) *with Rezendes v. Dow Corning Corp.*, 717 F.Supp. 1435, 1437–39 (E.D.Cal.1989) (holding that one-year rule applies as well to cases removable on the basis of the initial pleading). The court agrees with the reasoning of the court in *Rezendes* that there is no discernible basis for applying the one-year cap to cases which later become removable but not to those removable on the initial pleading. Accordingly, the one-year cap on removal on the basis of diversity jurisdiction is applicable here notwithstanding the presence of diversity jurisdiction from the time the suggestion was issued against USF & G.

removal in the hope that plaintiffs will overlook the thirty-day limit for motions to remand. *Brock v. Brock,* 791 F.Supp. at 723; *Perez,* 790 F.Supp. at 1470; *Foiles by Foiles,* 730 F.Supp. at 110. Finally, it is noted that by characterizing the one-year rule as a jurisdictional limitation, it is more rigidly enforced and accordingly better serves the interest of comity between state and federal courts, especially important where there has been substantial progress in state court before removal. *Perez,* 790 F.Supp. at 1471; see *Smith,* 727 F.Supp. at 603.

In sum, as the court explained in *Foiles by Foiles,* the effect of construing the one-year cap as merely a procedural requirement "would be to rewrite the statue to read: 'A case may not be removed ... more than 1 year after commencement of the action, unless it is removed and the adverse party fails to file a timely motion to remand pursuant to § 1447(c)' The Court does not believe that Congress intended this result." *Foiles by Foiles,* 730 F.Supp. at 110. Characterizing the one-year cap as jurisdictional has the preferable effect of recognizing the right and intent of Congress "to limit the jurisdiction of federal courts by distinguishing those diversity cases which have been pending in state court longer than a year from those cases which have not." *Smith,* 727 F.Supp. at 603; see *Propane,* 721 F.Supp. at 286 (remanding *sua sponte* for lack of subject matter jurisdiction to effectuate the intent of Congress that the one-year cap operate to curtail access to diversity jurisdiction after substantial progress has been made in state court).

The court finds persuasive the reasoning of those courts which hold that the one-year limitation for the removal of cases on the basis of diversity operates to divest the court of jurisdiction. Accordingly, remand need not be denied for the reason that plaintiffs' motion was filed outside the thirty-day period required for remand on the basis of a defect in the removal procedure.

■ Two issues remain. First, USF & G contends that its notice of removal was nonetheless timely because it was filed within thirty days of the West Virginia Supreme Court's order directing reinstatement of this proceeding in the Circuit Court of Kanawha

County. USF & G refers to the opinion of the West Virginia Supreme Court as ordering "reinstitution," rather than reinstatement of the proceeding and thus argues that a "new action" was commenced for purposes of calculating the time for removal. It is quite clear, however, that the term employed by the court is "reinstatement" and, further, that reinstatement of the suggestion proceeding filed on August 22, 1991, is the object of the Supreme Court's decision. *Rashid,* 438 S.E.2d at 549. There being no new action, but only the reinstatement of a prior proceeding, USF & G's time for removal on the basis of diversity expired, at the latest, one year after August 22, 1991.

■ USF & G further asserts that its removal was timely at this juncture on the independent ground of federal question jurisdiction, first ascertainable from the West Virginia Supreme Court's opinion. In the view of USF & G, the West Virginia Supreme Court injected a federal question into this suggestion proceeding by stating that federal law controlled USF & G's liability for the arbitration award rendered against Schenck. USF & G gives improper effect to the West Virginia Supreme Court's ruling. The West Virginia Supreme Court merely concurred with this court's finding in a separate but related case that the Federal Arbitration Act, in part, controls the extent to which USF & G is bound by the arbitrator's decision. The question having been determined in a separate action, it was not injected into this proceeding by the West Virginia Supreme Court's comments. The action remains one controlled solely by state law in accordance with the West Virginia Supreme Court's interpretation of the West Virginia statute governing suggestions on judgments, W.Va.Code § 38–5–10, in the order directing that this action be reinstated in the Circuit Court of Kanawha County.

In sum, the court concludes that USF & G's removal of this action on the ground of diversity after the expiration of the one-year limitation period of section 1446(b) divests the court of jurisdiction to hear the matter and that the West Virginia Supreme Court's opinion neither served to commence a new action nor insert a federal question into an

existing action so as to trigger a new thirty-day removal period under section 1446(b).

### III. *Conclusion*

For the reasons stated, it is ORDERED that:

1. The August 9, 1993, motion of United States Fidelity & Guaranty Company for leave to file a sur-reply be, and the same hereby is, granted. The sur-reply, which is attached to the motion, is deemed filed as of this date.

2. Plaintiffs' motion, insofar as it seeks dismissal of this action, be, and the same hereby is, denied.

3. Plaintiffs' motion, insofar as it seeks to remand this action, be, and the same hereby is, granted and that this civil action be, and the same hereby is, remanded to the Supreme Court of Appeals of West Virginia for further proceedings and stricken from the docket of this court.

4. The nonremovability of this action not being obvious under existing law, plaintiffs' motion for costs and attorney fees be, and the same hereby is, denied.

The Clerk is directed to forward copies of this order to all counsel of record and to the Clerk of the Supreme Court of Appeals of West Virginia and to the Clerk of the Circuit Court of Kanawha County, West Virginia.