**Charles T. WHISENANT, et al., Plaintiffs,**

v.

**John J. ROACH, et al., Defendants.**

**Civ. A. No. 2:94–0960.**

· United States District Court,
S.D. West Virginia,
Charleston Division.

Nov. 21, 1994.

Mark T. Sumwalt, Delaney & Sellers, Charlotte, NC, Donald B. O'Dell, Lamp, O'Dell, Bartram & Entsminger, Huntington, WV, for plaintiffs.

Roy D. Baker, Jr. and Richard L. Lancianese, Baker & Marsteller, Huntington, WV, for Roach.

James D. Stacy, Brown, Levicoff & McDyer, Beckley, WV, for Aetna.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is the Plaintiffs' Motion to Remand. The parties have submitted memoranda in support of their respective positions and the matter is mature for the Court's consideration.

▮ This action was initiated in the Circuit Court of Putnam County, West Virginia on May 13, 1993. No steps were taken to remove this case within the thirty days after its commencement. After the Plaintiffs added Defendant Aetna Casualty and Surety Company by filing an amended complaint on October 14, 1994, the Defendants removed the case to this Court on November 1, 1994. Removal was based upon the Court having original subject matter jurisdiction because the action involves citizens of different states and the matter in controversy exceeds $50,-000.00. 28 U.S.C. § 1332 (1988). The motion for remand asserts this case was removed improvidently and without jurisdiction based upon the ground that the defendants' notice of removal was not timely filed.

Federal procedure requires a diversity case be removed, if at all, within one year after the commencement of the action in state court. 28 U.S.C. § 1446(b) (1991). The statute provides, in pertinent part,

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one

which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."

28 U.S.C. § 1446(b). The statute's legislative history further reveals:

"Subsection (b)(2) amends 28 U.S.C. 1446(b) to establish a one year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has ben made in state court. The result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court."

House Committee on Judiciary, Judicial Improvements and Access to Justice Act, House Report No. 100–889, 100th Cong.2d Session (to accompany H.R. 4807), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032.

In a similar case, the defendant sought removal after being added as a defendant through the filing of an amended complaint. *Royer v. Harris Well Service, Inc.,* 741 F.Supp. 1247 (M.D.La.1990). The court remanded pursuant to Section 1446(b) because the underlying action had been pending in state court for more than one year. *Id.* The court stated,

"[I]t is immaterial that Shell Western was not added as a defendant until some four years after the suit was filed ... The clear language of section 1446(b) and its legislative history fail to support the defendant's contention. The amended petition contains no exceptions which the federal court may apply to suspend or interrupt the one year limitation."

*Id.* at 1248–49.

■ In this district, the one year cap of § 1446(b) is recognized to be a jurisdictional limitation that should be rigidly observed to prevent removal of diversity cases that have been pending in state court for more than one year. *Rashid v. Schenck Const. Co., Inc.,* 843 F.Supp. 1081 (S.D.W.Va.1993). The court in *Rashid, supra,* held this limitation applies to all diversity cases pending in state

court for more than one year, regardless of whether such cases were removable initially or became removable subsequently. *Id.*

"[B]y characterizing the one-year rule as a jurisdictional limitation, it is more rigidly enforced and accordingly better serves the interest of comity between state and federal courts, especially important where there has been substantial progress in state court before removal.... Characterizing the one-year cap as jurisdictional has the preferable affect [sic] of recognizing the right and intent of Congress 'to limit the jurisdiction of federal courts by distinguishing those diversity cases which have been pending in the state court longer than a year from those cases which have not.'"

*Id.* at 1088 (citations omitted); *see also Beisel v. Aid Ass'n for Lutherans,* 843 F.Supp. 616 (C.D.Cal.1994); *Baylor v. District of Columbia,* 838 F.Supp. 7 (D.D.C.1993); *Hedges v. Hedges Gauging Service, Inc.,* 837 F.Supp. 753 (M.D.La.1993); *Santiago v. Barre Nat'l, Inc.,* 795 F.Supp. 508 (D.Mass.1992); *Auto Transports Gacela v. Border Freight Distrib. & Warehouse, Inc.,* 792 F.Supp. 1471 (S.D.Tex.1992).

This action was commenced when the original complaint was filed in state court on May 13, 1993. The Defendants' notice of removal was filed over seventeen months later on November 1, 1994, one month before the scheduled trial. Obviously, being so near trial, substantial progress had already been made in this case. The filing of an amended complaint on October 14, 1994 did not effectively commence a new action. Nor is there any principled basis to permit the late removal of this case merely because Aetna was added as a defendant in the amended complaint; especially, since Aetna had notice of this action from its inception and made a special appearance long before the filing of the amended complaint.

The Defendants' removal was ill-founded. A cursory examination of the applicable law would have revealed that the federal district court does not have jurisdiction over this case because the time for removal had expired. The Defendants' actions in removing this case were made in bad faith for the

improper purpose of delaying the state court proceedings.[1] The Court finds an award to the Plaintiffs of attorney fees and costs incurred as a result of the removal is appropriate in this instance.

This Court adheres to the ruling in *Rashid* and concludes the removal was improvident. Accordingly, the Court GRANTS the Plaintiffs' Motion to Remand and ORDERS this action REMANDED to the Circuit Court of Putnam County, West Virginia for all further proceedings.

Pursuant to 28 U.S.C. § 1447(c), the Court awards Plaintiffs just costs and any actual expenses, including attorney fees, incurred as a result of the removal. The Court will take under consideration the amount of fees and costs to be awarded pending Plaintiffs' counsel's submission to the Court of appropriate documentation and itemization of theses costs and fees. In documenting the amount of costs and attorney fees incurred by Plaintiffs incident to the removal, counsel shall include the hourly compensation rate specified in counsel's employment contract with the Plaintiffs, if available. Plaintiffs' counsel's itemization of costs and fees is to be submitted to the Court within ten days of the date this Order is entered, accompanied by an affidavit stating that the amounts listed therein are accurate to the best of counsel's knowledge.

1. Prior to removal on November 1, 1994, this case was scheduled for trial in state court for December 5, 1994 with a settlement conference scheduled on November 17, 1994.