**Eleanor F. MAILLOUX, Plaintiff,**

v.

**Gordon E. MAILLOUX et al.,
Defendants.**

**Civ. No. 75–034.**

United States District Court,
D. Guam,
Agana, Guam.

July 17, 1975.

John C. Dierking, Agana, Guam, for plaintiff.

Howard G. Trapp, Trapp, Gayle, Teker, Hammer & Lacy, Agana, Guam, for defendants.

## MEMORANDUM ORDER

DUENAS, District Judge.

Plaintiff filed her complaint in this Court and bases jurisdiction on 28 U.S.C. § 1332. Defendant Chase Manhattan Bank filed a motion to dismiss, challenging this Court's jurisdiction over diversity actions.

48 U.S.C. § 1424(a) defines the District Court of Guam as having "the jurisdiction of a district court of the United States in all causes arising under the Constitution, treaties, and laws of the United States, regardless of the sum or value of the matter in controversy." Defendant Chase Manhattan Bank contends that an action based on diversity of citizenship is not such an action.

The argument is not without merit. See *Phillips Petroleum Co. v. Texaco*, 415 U.S. 125, 127, 94 S.Ct. 1002, 39 L.Ed.2d 209, 212 (1974); *Marshall v. Desert Properties Co.*, 103 F.2d 551, 552 (9th Cir. 1939), *cert. denied*, 308 U.S. 563, 60 S.Ct. 74, 84 L.Ed. 473 (1939).

It is the opinion of the Court, however, that 48 U.S.C. § 1424(a) must be interpreted in the light of 28 U.S.C. § 1332(d):

"The word 'States', as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico."

The quoted paragraph was added to section 1332 in 1948 to provide citizens of the various territories, as well as citizens of States suing in territories, with the full benefits of the diversity statute. The intent of Congress is clearly reflected in the following note:

"This section is intended to cover all diversity of citizenship instances in civil actions in accordance with the judicial construction of the language in the original section 41(1) of Title 28, U.S.C., 1940 ed. Therefore the revised language covers civil actions between—

"Citizens of a State, and citizens of other States and foreign states or citizens or subjects thereof;

"Citizens of a Territory or the District of Columbia, and foreign states or citizens or subjects thereof:

"Citizens of different States;

"Citizens of different Territories;

"Citizens of a State, and citizens of Territories;

"Citizens of a State or Territory, and

"Citizens of the District of Columbia;

"Citizens of a State, and foreign states or citizens or subjects thereof." Historical and Revision Notes, 28 U.S.C.A. § 1332 at p. 3 (1966).

To hold that this Court does not have jurisdiction over section 1332 actions would lead to the anomalous result that a citizen of a State or territory could go to any American jurisdiction *other* than Guam and file a suit in a federal court. While a citizen of Guam may sue a citizen of California in any United States District Court, a citizen of California suing a citizen of Guam in Guam would have no other choice than to resort to the local courts. Such a result would be absurd in view of Congress's clear intention to provide the citizens of both States and territories with the benefits of section 1332, regardless of where they file.

"We cannot impute to Congress an intent to produce an absurd result. 'There is a presumption against a construction which would render a statute ineffective or in-

efficient, or which would cause grave public injury or even inconvenience.' " *Yankee Network v. Fed. Communications Comm'n*, 71 App.D.C. 11, 107 F.2d 212, 219–20 (1939) (footnotes omitted).

It is the holding of the Court that it has jurisdiction over cases brought under 28 U.S.C. § 1332, and defendant Chase Manhattan Bank's motion is, therefore, denied.

The Court is of the further opinion that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this order may materially advance the ultimate termination of this litigation.