## CHASE MANHATTAN BANK (NATIONAL ASSOCIATION) *v.* SOUTH ACRES DEVELOPMENT CO.

No. 77–267.   Decided January 9, 1978

Per Curiam.

The issue in this case is whether Congress has authorized the District Court of Guam to exercise federal diversity jurisdiction.   Respondent brought suit in the Guam District Court, claiming that the court had jurisdiction over its action on the basis of diverse citizenship.   The court agreed, denied petitioner's motion to dismiss for lack of jurisdiction,[1] *Mailloux* v. *Mailloux,* 417 F. Supp. 11 (1975), and a divided Court of Appeals affirmed.   554 F. 2d 976 (CA9 1977).   Because Congress has neither explicitly nor implicitly granted diversity jurisdiction to the District Court of Guam, we reverse.

As part of the Organic Act of Guam, Congress created the District Court of Guam.   64 Stat. 389, 48 U. S. C. § 1424 (a).

---

[1] The District Court certified its interlocutory decision for immediate appeal under 28 U. S. C. § 1292 (b).

The District Court was established "under Art. IV, § 3, of the Federal Constitution rather than under Art. III," *Guam* v. *Olsen,* 431 U. S. 195, 196–197, n. 1 (1977),[2] and Congress provided that the District Court would have the following jurisdiction:

> "The District Court of Guam shall have the jurisdiction of a district court of the United States in all causes arising· under the Constitution, treaties, and laws of the United States, regardless of the sum or value of the matter in controversy, shall have original jurisdiction in all other causes in Guam, jurisdiction over which has not been transferred by the legislature to other court or courts established by it, and shall have such appellate jurisdiction as the legislature may determine." 48 U. S. C. § 1424 (a).

Conspicuously absent in this provision is any mention of federal diversity jurisdiction. The provision's first clause follows the language of the federal-question statute, 28 U. S. C. § 1331, and the federal-question clause of Art. III, § 2. The second clause establishes original jurisdiction over local causes of action without regard to diversity of citizenship. The second clause is not applicable to this case, however, because in 1974 the Guam Legislature transferred jurisdiction of all cases arising under the laws of Guam from the District Court to the local courts.[3] Thus, the only issue before us is

---

[2] We are, therefore, not faced with the question of what jurisdictional limits Congress may place upon federal district courts established under Art. III. Congress' broad power over Territories under Art. IV is, of course, well established. See, *e. g., Binns* v. *United States,* 194 U. S. 486 (1904).

[3] Court Reorganization Act of 1974, Guam Pub. L. 12–85, § 55. The Court of Appeals for the Ninth Circuit has held that the jurisdiction of the local court under the Court Reorganization Act is exclusive and not concurrent with the Guam District Court. *Agana Bay Dev. Co.* (*Hong Kong*) v. *Supreme Court of Guam,* 529 F. 2d 952, 955 n. 4 (1976). As

whether the first clause, which grants federal-question jurisdiction to the District Court, see *Guam* v. *Olsen, supra,* at 199–200, also encompasses diversity jurisdiction. The Court of Appeals apparently reasoned that any cause of action with diverse parties "arises under the . . . laws . . . of the United States," since 28 U. S. C. § 1332, the diversity statute, is a law of the United States. By this logic, any cause of action with diverse parties under § 1332 would be within the scope of federal-question jurisdiction. But as we stated in *Guam* v. *Olsen,* "whatever may be the ambiguities of the phrase 'arising under [the Constitution, treaties, and laws of the United States]'—it does not embrace all civil cases that may present questions of federal law." 431 U. S., at 202. By the same token, it does not embrace federal diversity jurisdiction. The short answer to the contention that diversity jurisdiction is merely a species of federal-question jurisdiction is that the Constitution itself distinguishes between these two types of jurisdictions. "The Constitution certainly contemplates these . . . as distinct classes of cases; and if they are distinct, the grant of jurisdiction over one of them does not confer jurisdiction over . . . the other . . . . The discrimination made between them, in the Constitution, is, we think, conclusive against their identity." *American Insurance Co.* v. *Canter,* 1 Pet. 511, 545 (1828).

We also reject the notion that Congress, by extending the Privileges and Immunities Clauses of the Federal Constitution to Guam, 48 U. S. C. § 1421b (u), intended and implicitly authorized the Guam District Court to exercise federal diversity jurisdiction. 554 F. 2d, at 977. This Court has never held that the Privileges and Immunities Clauses prohibit Congress from withholding or restricting diversity jurisdiction,[4]

---

in *Guam* v. *Olsen,* 431 U. S., at 197 n. 3, that holding is not at issue in this case.

[4] Indeed, we have never held that the Privileges and Immunities Clauses of Art. IV, § 2, cl. 1, and the Fourteenth Amendment restrict congressional—as opposed to state—action.

and there is nothing in the legislative history of § 1421b (u) to suggest that Congress intended that provision to have any effect on the Guam District Court's original jurisdiction.[5] Without support in the language or legislative history of the section, it is simply untenable to interpret § 1421b (u) either as conferring diversity jurisdiction by its own terms or as impliedly expanding the grant of original jurisdiction contained in § 1424 (a).

We recognize that Congress' jurisdictional grant to the District Court of Guam is unique. All other federal district courts in the States and Territories exercise either diversity jurisdiction or concurrent original jurisdiction over many local causes of action. See 554 F. 2d, at 984 n. 18 (Sneed, J., dissenting). Whether or not this peculiar treatment of the Guam District Court is preferable or even wise, however, we are constrained by the principle that federal courts are courts

---

[5] In fact, the legislative history of § 1421b (u) reveals that Congress' intent in extending the Privileges and Immunities Clauses to Guam was "to limit the power of the territorial legislature rather than affect the jurisdiction of the district court. . . ." 554 F. 2d, at 984 n. 17 (Sneed, J., dissenting). There is limited support in the legislative history for the view that Congress was also concerned with the ability of citizens "to *appeal* in proper cases to the national courts . . . ." S. Rep. No. 216, 90th Cong., 1st Sess., 12 (1967) (letter of Feb. 19, 1967, from Assistant Secretary of Interior Harry R. Anderson to Senator Henry M. Jackson, Chairman of Committee on Interior and Insular Affairs) (emphasis added); see also H. R. Rep. No. 1521, 90th Cong., 2d Sess., 14 (1968). It is doubtful that this one statement could serve as a sufficient basis for concluding that Congress impliedly amended its jurisdictional grant to the Guam District Court through the oblique mechanism of the Privileges and Immunities Clauses. But even if it could, the jurisdictional grant at issue here does not deny Guam litigants "access to Art. III courts for appellate review of local-court decisions . . . ." *Guam* v. *Olsen*, 431 U. S., at 204. Only the limitation on the District Court's original jurisdiction under the first clause of § 1424 (a), as quoted *supra*, is at issue here, and there is nothing in the legislative history of § 1421b (u) to suggest that Congress intended to alter the plain language of that jurisdictional grant.

of limited jurisdiction. Where, as here, Congress has clearly established appropriate limitations on the District Court's original jurisdiction, we are compelled to respect those limits.

The petition for a writ of certiorari is granted, and the decision of the Court of Appeals is reversed.

*So ordered.*