The PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,

v.

Richard J. LANDGRAF, Defendant-Appellant.

No. 75–3122.

United States Court of Appeals, Ninth Circuit.

March 28, 1979.

Howard Trapp (argued), Agana, Guam, for defendant-appellant.

Frank G. Lujan, Atty. Gen. (argued), Agana, Guam, for plaintiff-appellee.

ORDER

Before CHAMBERS, ELY and CHOY, Circuit Judges.

Landgraf appeals from the district court's denial of his petition to remove to the Guam district court a criminal prosecu-

tion pending against him in the Superior Court of Guam. Landgraf claims that the prosecution is removable under 28 U.S.C. § 1443(1). Upon our initial hearing of this cause we affirmed the district court's dismissal of the petition for removal. At the same time we extended the period during which appellant could file a petition for rehearing, believing that the Supreme Court's decision in *Chase Manhattan Bank v. South Acres Development Co.*, 434 U.S. 236, 98 S.Ct. 544, 54 L.Ed.2d 501 (1978), then under consideration, might affect resolution of the instant appeal. We find now, however, that *Chase Manhattan Bank* does not assist in determining the instant cause.

Section 1443(1) provides:

Any of the following civil actions or criminal prosecutions, commenced in a *State* court may be removed . . . :

(1) Against any person who is denied or cannot enforce in the courts of such *State* a right under any law providing for the equal civil rights of citizens . . .

(Emphasis added.) We cannot read congressional references to an action in "State" court as including an action in the courts of the Territory of Guam. When Congress has intended to extend § 1443(1) to an entity other than one of the fifty states, it has done so expressly. *See* 28 U.S.C. § 1451 (District of Columbia); 48 U.S.C. § 864 (Puerto Rico). Accordingly, the district court properly dismissed the petition for removal and we deny the petition for rehearing.

PETITION DENIED.