SOUTH ACRES DEVELOPMENT COMPANY, a partnership, Plaintiff

v.

CHASE MANHATTAN BANK, N.A., Defendant

Civil Case No. 16-79

Superior Court of Guam

August 20, 1979

ABBATE, *Presiding Judge*

DECISION AND ORDER

On January 17, 1976, South Acres Development Company (hereinafter referred to as plaintiff) originally filed the complaint against Chase Manhattan Bank (hereinafter referred to as defendant) in the District Court of Guam based upon diversity jurisdiction. The defendant attacked the diversity of the District Court of Guam, and on January 9, 1978, the U.S. Supreme Court ruled that the Dis-

trict Court of Guam did not have diversity jurisdiction. *Chase Manhattan Bank v. South Acres Development Company*, 434 U.S. 236, 54 L.Ed.2d 501, 98 S.Ct. 544 (1978). Thereafter, on June 6, 1978, the plaintiff's action was dismissed by the District Court of Guam. On January 4, 1979, the plaintiff initiated this action in the Superior Court of Guam.

Defendant moved this Court to dismiss the plaintiff's action on the grounds that the action is barred by § 339 of the Civil Procedure Code of Guam, a two-year statute of limitation. Plaintiff asserts the equitable tolling doctrine as an exception to this defense. Defendant does not contest the applicability of the doctrine to Guam, but submits that plaintiff is precluded from asserting the doctrine because of its complete failure to proceed in a diligent manner.

In *Addison v. California*, 21 Cal.3d 314, 578 P.2d 141, 146 Cal. Rptr. 224 (1978), the Court stated:

As demonstrated by *Bollinger & Elkino,* application of the doctrine of equitable tolling requires timely notice, and lack of prejudice to the defendant, and *reasonable and good faith conduct on the part of the plaintiff* (emphasis added). 21 Cal.3d at 319.

On May 24, 1979, defendant moved to take the deposition of Jack A. Rosenzweig and Daniel R. Del Priore, attorneys for plaintiff in this case. During their respective oral examination, certain questions propounded to each, respectively, were objected to on the grounds of work product rule. On July 26, 1979, defendant moved to compel discovery of these questions.

Under Civil Procedure Rule 26(b)(3) and the doctrine enunciated in *Hickman v. Taylor*, 329 U.S. 495, 511–512, 67 S.Ct. 385, 91 L.Ed 451 (1947), an attorney's work product is discoverable upon a showing of substantial need by the moving party and an inability to obtain its equivalent by other means, *Bird v. Penn Central Co.*, 61 F.R.D.

43, 47 (1973). Furthermore, Rule 26(b)(3) does not create an absolute immunity from discovery for opinion work product, barring disclosure of such material under any circumstances. *Hangards, Inc. v. Johnson & Johnson*, 413 F.Supp. 926, 931 (1976).

Plaintiff's assertion of the equitable tolling doctrine raises the issues of good faith and diligence in re-filing this suit. Since this doctrine is an exception to the statutes of limitations, it is incumbent upon plaintiff to show good faith and diligence. Defendant can demonstrate the contrary only through discovery of information in the hands of the plaintiff's attorneys. Therefore, such information being directly at issue, and the need for production is compelling, the discovery sought by defendant should be permitted as modified and to the extent it does not involve the violation of attorney-client privilege.

It is the decision of this Court that certain questions, propounded at the oral examination of Jack A. Rosenzweig and Daniel Del Priore, respectively, as modified, be answered in writing, *Keogh v. Pearson*, 35 F.R.D. 20 (D.C.D.C. 1964).

Questions propounded to Jack A. Rosenzweig

1. Page 4, lines 1 to 4. What did you do about the claim which is pending in this particular action and also was then pending in the District Court? How did you proceed to prosecute that claim after learning about the decision of the Supreme Court, if anything?

2. Page 9, lines 12 to 14. Why, if there is any reason, did you not re-file this claim in the Superior Court right after learning about the U.S. Supreme Court decision?

3. Page 9, lines 18 to 20. Why after learning of the District Court's dismissal on June 26, 1979, did you not im-

mediately or just as quickly as you could re-file the claim in the Superior Court of Guam?

4. Page 10, lines 11 to 15. So apparently, of course, you did not file right after the Supreme Court decision nor did you file right after the District Court decision. And your decision not to re-file right away was a professional decision that you made sufficient to yourself; is that right?

5. Page 11, lines 7 to 12. Isn't it true, Mr. Rosenzweig, that at least one major reason that this action was not re-filed right after the Supreme Court decision and, furthermore, not re-filed right after the District Court dismissal was that your office at least was to a certain extent understaffed and unable to get around to this case until Mr. Del Priore joined your firm?

6. Page 12, lines 5 to 8. What other things, if any, were done besides wait this one year and file in January of 1979, and to keep an eye on this legislation, what other things other than those things were done to proceed with the prosecution of this action?

7. Page 12, lines 20 to 23. Is it your contention that waiting for the period between the time you learned about the Supreme Court decision until the time you actually filed in January 1979 that plaintiff proceeded at all times in a diligent manner?

Questions propounded to Mr. Del Priore

1. Page 4, lines 10 to 12. Were you told anything about how soon the case should be re-filed or whether there's any emergency or whether there's any hurry in re-filing it?

2. Page 7, lines 8 to 9. Have you ever discussed the filing of this case as late as it has been with Mr. Rosenzweig?

3. Page 10, lines 5 to 9. And on behalf of the plaintiff, you say that you are standing on the equitable tolling doc-

639

trine which has to do, at least in one aspect, with proceeding at all times diligently and, on the other hand, refusing to answer that question; is that right?

Based on the foregoing authorities, IT IS ORDERED THAT:

1. The Defendant's motion to compel discovery is granted, as modified.

2. The Plaintiff's motion in opposition is denied.